# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number:  **26-00913-jd**

## Order Appointing Guardian ad Litem

The relief set forth on the following pages, for a total of 15 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**03/26/2026**



L. Jefferson Davis IV
US Bankruptcy Judge
District of South Carolina

Entered: 03/26/2026

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 26-00913-jd |
| KR, a minor Watts, | Chapter 13 |
| Debtor(s). | **ORDER APPOINTING A GUARDIAN AD LITEM** |

**THIS MATTER** is before the Court on the Order Setting a Hearing to determine whether Debtor KR, a minor Watts ("Debtor") has "a representative—such as a general guardian, committee, conservator, or similar fiduciary" such that the representative may file a voluntary petition on his behalf.[1]

**FINDINGS OF FACT**

Prior to the petition date, Debtor inherited a home from his mother, who died intestate. The home is encumbered by a mortgage held by the predecessor-in-interest of Lakeview Loan Servicing, LLC ("Lakeview"). Lakeview obtained a foreclosure judgment against Debtor in state court.[2]

A petition, schedules, and statements were submitted on Debtor's behalf and signed by his father, Roy Junior Watts ("Watts") on March 2, 2026.[3] The petition was signed "KR, a minor Watts by and through his custodial father, Roy Junior Watts." In the petition, Debtor stated that he "received a briefing from an approved credit counseling agency within the 180 days before [he] filed this bankruptcy

---

[1] ECF No. 7, entered March 3, 2026.
[2] *Lakeview Loan Servicing, LLC, v. K.W., a minor*, C/A No. 2025-CP-29-00560 (S.C. Ct. of Common Pleas, December 10, 2025).
[3] ECF No. 1.

1

petition, and [he] received a certificate of completion." A certificate of credit counseling was filed indicating that Roy Junior Watts received credit counseling from an approved agency on March 1, 2026.[4]

A Plan[5] and Modified Plan[6] were filed thereafter and signed "KR, a minor Watts by and through his father and legal guardian, Roy Junior Watts." Debtor is represented by counsel in this case. Debtor has not provided the Court with his date of birth, but Watts has stated Debtor is a minor, and that he is Debtor's custodial father, under penalty of perjury. Lakeview is the only creditor in this case. Debtor receives social security survivor's benefits of $1,411.00 per month. No court has authorized Watts to represent Debtor.

Debtor's counsel asked the Court to appoint Watts as Debtor's guardian *ad litem* in this case pursuant to Fed. R. Bankr. P. 1004.1 and moved to waive the requirement that Debtor receive pre-petition credit counseling or participate in a financial management course. *See In re Brown*, 645 B.R. 524, 528 (Bankr. D.S.C. 2022) *(*citing *In re Maes*, 616 B.R. 784, 796 (Bankr. D. Colo. 2020) for its finding that if the debtor was incompetent when the petition was filed, Rule 1004.1 applies; if the debtor became incompetent after the commencement of the case, Rule 1016 applies).

The hearing was held on March 19, 2026. Debtor's counsel and Watts attended the hearing. The chapter 13 trustee did not object to Debtor's request for

---

[4] ECF No. 6.
[5] ECF No. 4.
[6] ECF No. 10.

2

relief and allowed Debtor's counsel to proffer certain facts about the relationship between Debtor and Watts. The Court issued an oral ruling appointing Watts as Debtor's guardian ad litem and granting Debtor's request for a waiver of pre-petition credit counseling and the financial management course.

## DISCUSSION AND CONCLUSIONS

The Bankruptcy Code does not bar minors or incompetent persons from filing a petition for relief. 11 U.S.C. §§ 109(a), 109(h). Fed. R. Bankr. P. 1004.1 specifically provides that the filing of a bankruptcy petition may be accomplished by a "next friend or guardian ad litem" on behalf of an "infant or incompetent person who does not have a duly appointed representative." Fed. R. Bankr. P. 1004.1. Additionally, Rule 1004.1 instructs the court to "appoint a guardian ad litem for an ... incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the ... incompetent debtor." *Id*.

The South Carolina Rules of Civil Procedure likewise provide for the appointment and use of guardians ad litem in cases involving infants.

> Whenever a minor or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person. If a minor or incompetent person does not have a duly appointed representative he may sue by his next friend or by guardian ad litem. The court shall appoint a guardian ad litem for a minor or incompetent person not otherwise represented in an action or shall make such order as it deems proper for the protection of the minor or incompetent person.

S.C. R. Civ. P. 17(c). There is a dearth of published cases in this District concerning the appointment of a next friend or guardian ad litem for a minor debtor. When this

3

asked to appoint a guardian ad litem for an incompetent person, the Court held it must determine "(1) whether the Debtor was incompetent at the time of filing the petition and remains so; (2) whether the Debtor had a duly appointed representative at the time of filing the petition; (3) if the Debtor did not have a duly appointed representative at the time of filing the petition, whether the Intended Representative qualifies as a next friend for purposes of filing the petition; and (4) whether the Intended Representative should be appointed as guardian ad litem." *In re Brown*, 645 B.R. 524, 528 (Bankr. D.S.C. 2022). *See Maes*, 616 B.R. at 796-97 (outlining decision tree in which the Court must engage when representative is sought for incompetent debtor). Despite the fact that Debtor is seeking appointment of a guardian ad litem due to his age, and not on the grounds that he are incompetent, the Court finds the framework laid out in *Brown* and *Maes* useful.

I.     **Was Debtor an infant at the time of filing, and does he remain so?**

By its plain terms, Rule 1004.1 only applies if the Debtor has first been determined to be an infant or incompetent. The Bankruptcy Code does not define the term "infant." Per Black's Law Dictionary, "[t]he common-law rule provided that a person was an infant until he reached the age of twenty-one. The rule continues at the present time, though by statute in some jurisdictions the age may be lower." *Infant*, BLACK'S LAW DICTIONARY (12th ed. 2024) (quoting JOHN EDWARD MURRAY JR., MURRAY ON CONTRACTS § 12, at 18 (2d ed. 1974)). The term "infant" is often conflated with the term "minor," which is defined as "[s]omeone who has not reached full legal age; a child or juvenile under 18 years of age." *Minor*, BLACK'S

4

LAW DICTIONARY (12th ed. 2024). "All references to minors in the law of this State shall after February 6, 1975, be deemed to mean persons under the age of eighteen years except in laws relating to the sale of alcoholic beverages[.] . . ." S.C. Code Ann. § 15-1-320(a).

Debtor's counsel and Watts have asserted, under penalty of perjury, that Debtor is a minor child, and therefore unable to pursue this case himself. *See, e.g., Langley v. Dollard*, No. 2:22-CV-1275-RMG, 2024 WL 4723295, at *2 (D.S.C. Oct. 31, 2024). Moreover, no party in this case has challenged the assertion that Debtor is an infant. Accordingly, the Court concludes that Debtor was an infant at the time of filing this petition and remains so.

## II.   Did Debtor have a duly appointed representative at the time of filing?

Debtor requested Watts be appointed his representative by this Court, indicating that Debtor did not have a duly appointed representative at the time the petition was filed. Accordingly, the Court concludes Debtor had no duly appointed representative when the petition was filed.

## III.   Does Watts qualify as next friend for the purposes of filing the petition?

"In the bankruptcy context, the term 'next friend' is 'broad enough to include anyone who has an interest in the welfare of an infant [or incompetent person] who may have a grievance or a cause of action.'" *Brown*, 645 B.R. at 529 (quoting *Maes*, 616 B.R. at 799). "[T]he 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested

5

that a 'next friend' must have some significant relationship with the real party in interest. The burden is on the 'next friend' clearly to establish the propriety of his status." *Id.* (quoting Maes, 616 B.R. at 800). *See also Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).

Debtor's counsel proffered: (i) Watts is Debtor's father, and has been Debtor's guardian and primary parent since the death of Debtor's mother; (ii) Watts has full knowledge of Debtor's financial situation and is providing financial support to Debtor, despite the fact that Debtor receives his mother's social security survivorship benefits; and (iii) Watts has no criminal history and is competent to act as Debtor's representative. The trustee did not object to any of the information proffered. Under these circumstances, the Court finds that Watts has the best interests of Debtor at heart and therefore qualifies as next friend for purposes of filing the petition. Accordingly, Watts's filing of the petition on Debtor's behalf was proper under Rule 1004.1.

## IV.   Should Watts be appointed as guardian ad litem?

Although Watts properly filed the petition on the Debtor's behalf as a next friend, he cannot continue prosecuting the case in that capacity. *Brown*, 645 B.R. at 529 (citing *In re Sniff*, Case No. 15-18086 TBM, 2015 WL 7351477, at *3 (Bankr. D. Colo. Oct. 6, 2015)) ("[I]f only a 'next friend' started the bankruptcy proceedings, then the Court must appoint a guardian ad litem or take other action to protect the incompetent debtor; the Court cannot just let the 'next friend' continue along in prosecuting the bankruptcy case."). This is because a next friend is not a fiduciary

6

with specific duties and obligations. *Maes*, 616 B.R. at 801. Moreover, the plain terms of Rule 1004.1 do not provide for the appointment of a "next friend" but instead require the Court to determine whether to appoint Watts as guardian ad litem or make another order to protect the Debtor. *See* Fed. R. Bankr. P. 1004.1 ("The court shall appoint a guardian ad litem for an ... incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the...incompetent debtor.").

"While 'unusual and extraordinary,' the appointment of a guardian ad litem for an incompetent debtor by a bankruptcy court is available and provided for in Rule 1004.1." *Brown*, 645 B.R. at 530 (quoting *In re McGlohon*, No. 15-06165-5-JNC, 2016 WL 552332, at *1 (Bankr. E.D.N.C. Feb. 10, 2016)). "A bankruptcy court has the power to appoint a guardian ad litem for the limited purpose of facilitating the bankruptcy case." *Id.* (citations omitted).

The Court finds that Watts should be appointed as guardian ad litem pursuant to Rule 1004.1 for the limited purpose of pursuing this case on behalf of the Debtor. The fact that Debtor is an infant or minor indicates that Debtor is not competent to manage his financial affairs and requires the assistance of a representative. As indicated above, Watts has shown he is willing and able to pursue Debtor's interests and is well-positioned to do so.

V. **Is Debtor eligible to receive a waiver of the credit counseling requirement imposed by 11 U.S.C. § 109(h)(1)?**

While Watts filed a certificate indicating he participated in credit counseling prior to the filing of this case, that certificate does not satisfy the requirement that

7

a debtor receive pre-petition credit counseling because Watts is not the Debtor. *See*

*In re Pease*, No. 10-62794, 2010 Bankr. LEXIS 2127, at \*3 (Bankr. N.D. Ohio July 2,

2010) (holding "[t]he credit counseling requirement under 11 U.S.C. § 109(h)(1) is

not a delegable obligation.").

Section 109 of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1530,

which sets forth the eligibility criteria for being a debtor, provides, in relevant part:

> [A]n individual may not be a debtor under this title unless such
> individual has, during the 180–day period preceding the date of filing
> of the petition by such individual, received from an approved nonprofit
> budget and credit counseling agency described in section 111(a) an
> individual or group briefing (including a briefing conducted by
> telephone or on the Internet) that outlined the opportunities for
> available credit counseling and assisted such individual in performing
> a budget related analysis.

11 U.S.C. § 109(h)(1). Further,

> Unless the United States trustee has determined that the requirement
> to file a credit-counseling statement under § 109(h) does not apply in
> the district, an individual debtor must file a statement of compliance
> (included in Form 101). The debtor must include one of the following:
> (A) a certificate and any debt-repayment plan required by § 521(b);
> (B) a statement that the debtor has received the credit-counseling
> briefing required by § 109(h)(1), but does not have a § 521(b)
> certificate;
> (C) a certification under § 109(h)(3); or
> (D) a request for a court determination under § 109(h)(4).

Fed. R. Bankr. P. 1007(b)(3). Thus, the debtor is required to file "a certificate from

the approved nonprofit budget and credit counseling agency that provided the

debtor services under section 109(h) describing the services provided to the debtor."

11 U.S.C. § 521(b)(1). "The credit counseling requirement is part of an overall

matrix of requirements and is central, not peripheral, to the bankruptcy process

8

since compliance with Section 109(h) is a prerequisite to obtaining relief under the bankruptcy code." *In re Mitrano*, 409 B.R. 812, 818 (E.D. Va. 2009).

There are three statutory exceptions to the pre-petition credit counseling requirement, including those for a debtor who: (1) resides in a district that the United States Trustee has determined does not have adequate credit counseling services available to individuals, 11 U.S.C. § 109(h)(2)(A); (2) has "exigent circumstances" warranting a temporary waiver of the requirement, not to exceed forty-five days from the date the debtor filed the petition, provided the debtor attempted but was unable to obtain credit counseling services over the course of a continuous seven day period, 11 U.S.C. §§ 109(h)(3)(A) and (B); and (3) is unable to complete the requirement because of "incapacity, disability, or active military duty in a military combat zone," 11 U.S.C. § 109(h)(4). The statutory exemption on the basis of incapacity, disability, or active military duty in a combat zone is permanent. *Id.*

The statute explicitly defines "incapacity" to mean that the debtor "is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities. 11 U.S.C. § 109(h)(4). "Unfortunately, neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure defines the terms 'infant' or 'incompetent.' In popular usage the word "infant" usually refers to a young child or baby." *In re Tronox Inc.*, 626 B.R. 688, 735 (Bankr. S.D.N.Y. 2021). Likewise, the Bankruptcy Code does not specifically define being below the age of majority as an

example of incapacity. However, there is a common understanding that minors are generally not able to enter into binding contracts. *See, e.g. Incapacity*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defined as "lack of ability to have certain legal consequences attach to one's actions. [. . .] For example, a five-year-old has an incapacity to make a binding contract."); BALLENTINE'S LAW DICTIONARY, 3d ed. (noting that in "ordinary usage" an infant is "a child of tender and helpless age," but that in law an infant is "a person who has not reached the age of majority, usually 21 years, at which the law recognizes a general contractual capacity"); 42 AM. JUR. 2D INFANTS § 1 (noting that in ordinary usage an infant is a "child of a tender and helpless age" but that in law the word has "a technical meaning different" from its meaning in common speech, and refers to a person "who has not arrived at majority as fixed by law ...").

Further, under South Carolina law, minors lack capacity to enter into contracts. *Morgan v. Blackwell*, 286 S.C. 457, 458, 334 S.E.2d 817, 818 (1985) (holding a contract entered into by a minor is voidable). *See also Rutledge v. Stackley*, 162 S.C. 170, 160 S.E. 429, 429 (1931) (holding "it can hardly be disputed that the minor beneficiaries" to a trust holding bank shares "had no legal capacity to assume the obligation" in a lawsuit against bank shareholders); *Brown v. Ryan's Fam. Steak House, Inc.*, 113 F. App'x 512, 513–14 (4th Cir. 2004) (finding under South Carolina contract law that a contract was void because one of the parties was a minor at the time of signing and the minor's guardian did not have the requisite mental capacity to enter into a binding contract).

Absent clear guidance from the Bankruptcy Code or case law, the Court looks to Congress's intent in requiring debtors to undergo pre-petition credit counseling. "Congress intended credit counseling to help individuals make an informed choice about filing for bankruptcy before filing. . . " *In re Sultan*, No. 20-12666-BFK, 2021 WL 117173, at *2 (Bankr. E.D. Va. Jan. 7, 2021) (citing *In re Arkuszewski*, 550 B.R. 374, 382-83 (N.D. Il. 2015)). *See* Michael D. Sousa, *Just Punch My Bankruptcy Ticket: A Qualitative Study of Mandatory Debtor Financial Education*, 97 MARQ. L. REV. 391, 398 (2013) ("As for the prefiling credit counseling course, Congress's mission was to have prospective debtors understand the potential alternatives to filing for bankruptcy relief with the goal of having a significant portion of them settle his debt obligations outside of the bankruptcy system.").

Likewise, the Court must consider Congress's purpose in allowing an exemption for incapacity, disability, or active military service. "The purpose of the exemption [from the credit counseling requirement under §109(h)(4)] is to avoid 'the absurd situation in which a debtor would be required to obtain a briefing even if suffering from Alzheimer's disease or some other disability that would make the briefing meaningless or even impossible.'" *In re Smith*, No. CIVA 07-05726 DD, 2007 WL 5117434, at *1 (Bankr. D.S.C. Nov. 29, 2007) (quoting *In re Hall*, 347 B.R. 532, 534–535 (Bankr. N. D. W. Va. 2006)). "The purpose of [the exemption outlined in § 109(h)(4)] is to excuse those debtors for whom a financial management course would serve no meaningful purpose or would be impossible." *In re Ferrell*, 391 B.R. 292, 293 (Bankr. D.S.C. 2008).

11

The Court finds that, in consideration of the facts of this case, that Debtor qualifies for the exemption from credit counseling under § 109(h)(4) due to his legal incapacity. Congress's objectives in requiring debtors to undergo pre-petition credit counseling are not advanced by requiring Debtor to do so in this case. Debtor inherited the home upon the death of his mother and was not party to the mortgage his mother executed prior to his death. In fact, Debtor likely could not enter into such a mortgage even if he would like to, given his age. A credit counseling briefing is meaningless in this instance, where Debtor did not incur the debt obligation that has brought him into bankruptcy. *See In re Smith*, 2007 WL 5117434 at *1; *In re Ferrell*, 391 B.R. at 293. Further, Debtor cannot settle the debt obligations he inherited outside of the bankruptcy system. *See In re Sultan*, 2021 WL 117173, at *2. Lakeview has already obtained a foreclosure judgment on the home Debtor and Watts live in; there is no alternative avenue whereby Debtor could settle the debt at this time.

In all, Debtor is a minor and lacks capacity to enter into a valid contract under South Carolina law. The trustee does not object to the waiver of the credit counseling requirement. The Court finds that waiver of the credit counseling requirement pursuant to 11 U.S.C. § 109(h)(4) is appropriate.

### VI.    Is Debtor eligible to receive a waiver of the requirement to attend a financial management course under 11 U.S.C. § 1328(g)(1)?

In addition to the duty to attend pre-petition credit counseling, the Bankruptcy Code and Federal Rules of Bankruptcy procedure require debtors to undergo a financial management course after their petition is filed. "Certain

12

responsibilities and obligations accompany the fresh start provided by a bankruptcy discharge and one of these responsibilities is to timely tender evidence of debtor's completion of the personal financial management course." *In re Anderson*, 498 B.R. 381, 382 (Bankr. S.D. Ga. 2013). "The court shall not grant a discharge under this section to a debtor unless after filing a petition the debtor has completed an instructional course concerning personal financial management described in section 111." 11 U.S.C. § 1328(g)(1). Unless an approved provider has notified the court that the debtor has completed a course in personal financial management after filing the petition or the debtor is not required to complete one as a condition to discharge, an individual debtor in a Chapter 13 case must file a certificate of course completion issued by the provider. Fed. R. Bankr. P. 1007(b)(7).

In consideration of the fact that Debtor is a minor, Debtor was not a party to the mortgage on the home he inherited from his mother, and the trustee did not object to Debtor's request to waive Debtor's requirement to complete a financial management course, the Court holds that Debtor is not required to complete one as a condition to discharge. *See* Fed. R. Bankr. P. 1007(b)(7).

**IT IS, THEREFORE, ORDERED:**

1. The Court waives Debtor's duty under 11 U.S.C. § 109(h)(1) to obtain credit counseling;

2. Debtor is not required to complete a financial management course under 11 U.S.C. § 1328(g)(1) as a condition to discharge;

13

3. Roy Junior Watts is appointed guardian ad litem pursuant to Fed. R. Bankr. P. 1004.1 for the limited purpose of prosecuting and administering this bankruptcy case on behalf of the Debtor;

4. Roy Junior Watts shall act as a fiduciary for the Debtor, and shall not be entitled to compensation for his role as guardian ad litem for the Debtor;

5. Roy Junior Watts may exercise all the rights and powers of a debtor in a Chapter 13 case, on behalf of the Debtor, under 11 U.S.C. § 1303;

6. Roy Junior Watts may execute all required documents in this case as follows: "KR, a minor Watts, by Roy Junior Watts as Guardian ad Litem by Court Order"; and

7. If Roy Junior Watts wishes to expand his authority beyond that provided by this Court for this bankruptcy case, he must obtain such appointment and authority under state law in state court.

**AND IT IS SO ORDERED.**